996 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William J. FLORIDA, Plaintiff-Appellant,
v.
KNAPP KING-SIZE CORPORATION, a foreign corporation;
Winthrop A. Short, individually and in his official
capacity; Robert A. Grady, individually and in his official
capacity; David E. Place, individually and in his official
capacity; Nelson J. Darling, individually and in his
official capacity; James E. Kelley, individually and in his
official capacity; Bryon D. Foye, individually and in his
official capacity; Ralph Z. Sorenson, individually and in
his official capacity; Edward C. Brown, individually and in
his official capacity; Knapp Shoes, Inc., a foreign
corporation; John J. Schlueter; J. Richard Nedder,
individually and in his official capacity; A. McAlear,
individually; Richard M. Reilly, individually and in his
official capacity; Jacob Lewton, Hon., individually and in
his official capacity; Terry S. Bickerton, individually;
Andrew F. Lane, individually and in his official capacity;
Edward Lev, individually and in his official capacity;
Victor Del Veccio, individually and in his official
capacity; Terry J. Mroz, individually; Gary G. Love,
individually and in his official capacity; Harold Brown,
individually and in his official capacity; David J.
Gallagher, individually and in his official capacity; John
A. Dziamba, individually and in his official capacity;
Robin Aihini, individually; Geoffrey A. Clarkson,
individually and in his official capacity; Louis A.
Rodriques, individually and in their capacity as officers &
board members, & agents of the above corporations,
Defendants-Appellees.
 No. 92-2502.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1993.
 
 Before: KEITH and JONES, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 William J. Florida, a pro se Michigan plaintiff, appeals the summary judgment for defendants in this federal question and diversity contract action. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The historical facts surrounding this case are lengthy, have been fully recorded and set out in the district court's opinion and do not bear detailed repeating. Suffice it to say that plaintiff's complaint alleged that defendants conspired to defraud him of a just arbitration of his franchise claims against the Knapp King-Size Corporation. This dispute was arbitrated and adjudicated in Boston, Massachusetts, in the early 1980s. The district court previously ruled against plaintiff on these franchise claims. The Sixth Circuit affirmed that decision in an order filed September 29, 1989. Florida v. Knapp King-Size Corporation, No. 88-1940 (6th Cir. Sept. 29, 1989) (unpublished order).
 
 
 3
 On April 30, 1991, plaintiff filed a new complaint against twenty-six defendants, later amended to twenty-seven defendants. Defendants included Knapp King-Size Corporation, its successor, Knapp Shoes, Inc., its former and present officers, board members, and stockholders, the attorneys who represented Knapp King-Size in the 1988 trial, the Regional Director of the American Arbitration Association in Boston, the arbitrator who heard plaintiff's 1985 arbitration, the attorney who represented plaintiff during the arbitration proceedings, an economic expert hired by plaintiff's attorney for use during arbitration, and an attorney hired by a defendant who was mentioned in the original complaint.
 
 
 4
 The amended complaint contained six counts as follows: 1) a securities violation arising under Section 10(b) of the Securities Exchange Act of 1934; 2) securities violation arising under Section 5 of the Securities Act of 1933; 3) an antitrust violation arising under the Sherman Act; 4) an antitrust violation arising under the Robinson-Patman Act amendment to the Clayton Act; 5) a state tort claim of intentional infliction of emotional distress; and 6) a conspiracy claim arising under the Racketeer Influenced and Corruption Organization Act of 1970 (RICO).
 
 
 5
 On June 28, 1991, one defendant was dismissed by a stipulation and order. On March 27, 1992, six defendants were dismissed for lack of jurisdiction, three defendants were dismissed for lack of personal jurisdiction, and two defendants, the regional director of the American Arbitration Association and the arbitrator, were dismissed because the statute of limitations had run.
 
 
 6
 The remaining defendants filed two separate motions for summary judgment. Defendant Gary Love, the attorney who represented Knapp King-Size in the 1988 hearing, filed a motion for summary judgment based on plaintiff's failure to state a claim. Defendants Knapp Shoes, Inc. (the successor to Knapp King-Size Corporation), its officers, and its board members filed a motion for summary judgment based on the statute of limitations, res judicata, and the general release already found binding by the district court and the Sixth Circuit. Defendant John Dziamba, plaintiff's attorney at the arbitration proceedings in Boston, filed a motion to dismiss for lack of personal jurisdiction.
 
 
 7
 The district court dismissed, with prejudice, Counts One, Two, Three, Four and Six as to all defendants except defendant Dziamba because the statute of limitations had run. Counts One, Two, Three, Four and Six were also dismissed with prejudice as to defendant Love because plaintiff did not assert a claim against defendant Love on these counts. Counts One, Two, Three, Four and Six were also dismissed with prejudice as to defendants Knapp Shoes, Inc., Short, Grady, Darling, Kelley, Foye, Sorenson, Brown, Schlueter, Nedder, and McAlear because of claim preclusion and the binding effect of the release agreement. Count Five was dismissed with prejudice as to all defendants except defendant Dziamba because plaintiff failed to state facts which would support the extreme and outrageous behavior necessary for a claim of intentional infliction of emotional distress. Defendant Dziamba's motion to dismiss for lack of personal jurisdiction was granted (Att. 2). Plaintiff's motion for reconsideration of the district court's decision was denied in an order filed October 30, 1992 (Att. 7). It is from the October 26, 1992, summary judgment that plaintiff brings this timely appeal.
 
 
 8
 Recognizing that plaintiff is proceeding pro se, his arguments are interpreted liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). In addition to challenging the district court's entry of summary judgment in favor of the defendants, plaintiff argues: 1) defendant Place was erroneously dismissed for lack of personal jurisdiction; 2) the district court failed to enter default judgment against defendant Knapp-King Size Corporation; 3) the district court failed to rule on plaintiff's motion for substitution of parties; 4) the district court erroneously denied plaintiff's motion to strike defendants' motion for summary judgment as untimely; and 5) the district court erroneously concluded that defendants' response to the request for admissions were adequate under Fed.R.Civ.P. 36.
 
 
 9
 Upon review, we conclude that summary judgment was proper for the reasons stated by the district court, as plaintiff did not establish the existence of any genuine issue of material fact and the defendants were entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Plaintiff's remaining arguments on appeal are without merit.
 
 
 10
 Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.